PATRICK T. GALLIGAN,
Attorney at Law, SB No. 70915
555 Laurel Avenue, # 306
San Mateo, CA. 94401
Facsimile: (650) 646-3117
Telephone: (650) 922-0896

Attorney for Plaintiff Rex Warner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REX WARNER,<br><br>　　　　Plaintiff,<br>vs.<br><br>SIMS METAL MANAGEMENT LTD,<br>SIMS GROUP USA CORPORATION,<br><br>　　　　Defendants.<br>_____<br>SIMS GROUP USA CORPORATION,<br><br>　　　　Counterclaimant,<br>vs.<br>REX WARNER<br><br>　　　　Counterdefendant.<br>_____<br>REX WARNER<br><br>　　　　Cross Counterclaimant<br>vs.<br>SIMS GROUP USA CORPORATION<br><br>　　　　Cross Counterdefendant<br>_____ | Case No. CV-13-2190 KAW<br><br>ANSWER AND CROSS COUNTER-<br>CLAIM OF REX WARNER, THE<br>PLAINTIFF, COUNTERDEFENDANT<br>AND CROSS COUNTERCLAIMANT |

　　　　COMES NOW REX WARNER, plaintiff, counterdefendant, and cross counterclaimant in the above action, and in answer to the Counterclaim filed by Sims

---

Plaintiff's Answer & Cross Claim　　　　　　　　　　　　　　　　Case No. CV-13-2190 KAW

Group USA Corporation, hereby alleges and pleads as follows:

## FIRST CAUSE OF ACTION FOR ACCOUNTING

1. Plaintiff admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 10, of the Counterclaim filed herein.

2. Plaintiff admits the allegations contained in Paragraph 9, except that plaintiff also used his personal credit cards for the purchase of tools, equipment, goods, and services for his own benefit, and to replace his tools and equipment that were used for Company jobs that were lost, destroyed, damaged, worn out, or stolen.

3. Plaintiff denies generally and specifically, each and every allegation contained in Paragraph 11, with the exception of those facts and allegations admitted in Paragraphs 1 and 2 of this Answer, above. In addition, there was one occasion where plaintiff was double charged on his personal credit card for a hotel bill, with defendant refusing payment and thereby causing plaintiff to lose approximately 10 to 20 thousand.

4. Plaintiff denies generally and specifically, each and every allegation contained in Paragraph 12, with the exception of those facts and allegations admitted in Paragraphs 1 and 2 of this Answer, above.

5. In answer to Paragraph 13, plaintiff incorporates by this reference the above Paragraphs 1 through 4, inclusive, of this Answer, as though fully set forth herein.

6. Plaintiff admits the allegations of the first sentence in Paragraph 14, but denies each and every allegation contained in the second sentence of Paragraph 14.

7. Plaintiff admits the allegations of the first sentence in Paragraph 15, but denies each and every allegation contained in the second sentence of Paragraph 15.

8. With the exception that plaintiff had and used several credit cards, plaintiff generally and specifically denies each and every allegation contained in Paragraphs 16, 17, 18, 19, and 20.

## SECOND CAUSE OF ACTION FOR CONVERSION

9. In answer to Paragraph 21, plaintiff incorporates by this reference the above

1  Paragraphs 1 through 20, inclusive, of this Answer, as though fully set forth herein.
2      10.    Plaintiff admits the allegations contained in Paragraph 22.
3      11.    Plaintiff generally and specifically denies each and every allegation
4  contained in Paragraphs 23 and 24.

### THIRD CAUSE OF ACTION FOR FRAUD

12. In answer to Paragraph 25, plaintiff incorporates by this reference the above Paragraphs 1 through 24, inclusive, of this Answer, as though fully set forth herein.

13. Plaintiff generally and specifically denies each and every allegation contained in Paragraphs 26, 27, 28, 29, and 30.

### AFFIRMATIVE DEFENSES TO COUNTERLCLAIM

### FIRST AFFIRMATIVE DEFENSE

The defendant/Counterclaimant brought the present counterclaim for the purpose of retaliating against plaintiff for having brought a claim for age discrimination, and for complaining about defendant creating environmental and health hazards, as more fully alleged in the complaint filed herein, and as such said defendant is thereby barred from bringing this counterclaim.

### SECOND AFFIRMATIVE DEFENSE

The counterclaim as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against counterdefendant upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The counterclaim as whoe, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to Code of Civil Procedure Sections 338, 339, 340 , and 343.

## FOURTH AFFIRMATIVE DEFENSE

The counterclaim as a whole, and each purported cause of action alleged therein, is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The counterclaim as a whole, and each purported cause of action alleged therein, is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The counterclaim as a whole, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

The counterclaim as a whole, and each purported cause of action alleged therein, is barred because the counterclaim is nothing more than an attempt to further harass and blackball plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The counterclaim as a whole, and each purported cause of action alleged therein, that is based on conversion, is barred because counterclaimant never asked, requested, or demanded that plaintiff return anything to counterclaimant.

## NINTH AFFIRMATIVE DEFENSE

Because the counterclaim is couched in broad and conclusory terms, plaintiff cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has engaged attorneys to represent him in defense of counterclaimant's frivolous, unfounded and unreasonable action and plaintiff is thereby entitled to an award of reaonsble attorneys' fees and costs pursuant to California Labor Code Section 218.5, 6310 et seq, California Government Code Section 12940 et seq., California Code of Civil Procedure Section 1021.5, and the Federal Age Discrimination Act.

## ELEVENTH AFFIRMATIVE DEFENSE

The counterclaim as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against plaintiff upon which relief may be granted.

**WHEREFORE**, plaintiff/counterdefendant prays for judgment as follows

1. That counterclaimant takes nothing by its counterclaim.

2. That the counterclaim be dismissed in its entirety with prejudice.

3. That the counterclaimant be denied each and every demand and prayer for relief contained in its Counterclaim; and

4. For costs of suit incurred herein, including reasonable attorneys fees, which should be doubled.

## CROSS COUNTERCLAIMS

Comes now REX WARNER, the plaintiff, counterdefendant, and cross-counterclaimant [hereinafter referred to as plaintiff], and for causes of action alleges as follows. In this regard, and since the underlying complaint alleges Six Causes of Action, the new Causes of Action set forth herein will start at the Seventh Cause of Action.

## JURISDICTION

1.  Defendant SIMS has brought a counterclaim against plaintiff WARNER after removing the underlying action from the California Superior Court in and for the County of San Mateo, on the basis of diversity of citizenship. The court has jurisdiction over SIMS counterclaim and this cross-counterclaim pursuant to 28 U.S.C.A.§ 1332(a) and supplemental jurisdiction of all counterclaims pursuant to 28 U.S.C.A. § 1367. The court also has jurisdiction under the Federal Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621 et seq., and 29 U.S.C.A. §§ 206 et seq., 215, and 216.

## VENUE

2.  Venue is proper because the underlying action was filed in the County of San Mateo, the underlying contract was to be performed in San Mateo County, and

1 tortious conduct as alleged occurred in San Mateo County, State of California.

## PARTIES

3. Plaintiff REX WARNER, an individual, is a former employee of defendant, counterclaimant, and cross-counterdefendant SIMS GROUP USA CORPORATION [hereinafter referred to as either defendant SIMS or the company], who was fired on July 24, 2012.

4. Defendant SIMS is a corporation that conducts business in the metal recycling industry. Plaintiff's principle trade was in the same business.

## SEVENTH CAUSE OF ACTION

### [Retaliation]

5. The causes of action made by plaintiff in the underlying action involved claims based on age discrimination and the reporting of hazardous working and environmental conditions. Plaintiff previously filed administrative claims with the California DFEH and EEOC involving these claims, and then filed and served defendant with his complaint, a copy of which is filed herein. The underlying complaint further alleged that defendant SIMS failed to reimburse plaintiff for company related expenses he incurred on his credit card and for unlawfully retaining possession of all of plaintiff's trade tools and equipment, which had a value of approximately $300,000.00.

6. Plaintiff's complaints concerning the hazardous working conditions included defendants use of a loader for transporting material from the shore to ships, which was being seriously overloaded. Approximately a month after plaintiff's discharge, the loader collapsed and resulted in a loss to defendant in the approximate amount of $1,000,000. It was fortunate that no one was killed or seriously injured as a result of that collapse.

7. As a condition of employment, plaintiff was required to use his own personal credit cards for company expenses, which at times exceeded $30,000 per month. On one occasion many years ago, a hotel which later went out of business, double billed

1 plaintiff for housing numerous company workers. The billing error, which amounted to
2 approximately ten to twenty thousand dollars, was discovered after plaintiff submitted the
3 paperwork. Defendant SIMS declined to reimburse plaintiff for the error and as a result,
4 plaintiff incurred the loss even though it was a business loss. The company expenses
5 plaintiff claims in the underlying action do not include this loss.

6   8.   Defendant SIMS has now filed a counterclaim against plaintiff for
7 conversion, fraud and in essence, embezzlement for moneys said defendant paid for
8 company expenses occurring on plaintiff's credit cards. None of the accusations have
9 merit, none were ever brought to plaintiff's attention prior to the filing of the
10 counterclaim, and none formed the basis for plaintiff's discharge. Defendant's complaint,
11 if any, are essentially directed at its own auditing department and defendant SIMS has
12 instead brought said counterclaim solely against plaintiff for the purpose of blackballing
13 and otherwise punishing plaintiff for bringing a claim for discrimination and otherwise
14 refusing to commit illegal acts, and for the purpose of deterring others from doing the
15 same.

16   9.   After discharge but prior to filing the underlying action, and claims related
17 thereto, plaintiff requested that defendant SIMS allow him to inspect his personnel file.
18 Said file did not disclose any wrongdoing committed by plaintiff as previously set forth.
19 Plaintiff is informed and believes that either defendant failed to provide plaintiff with his
20 complete personnel file, in violation of California Labor Code § 1198.5, or defendant
21 SIMS has manufactured evidence to be placed in said file to support its frivolous
22 counterclaim.

23   10.   As a result of defendant SIMS violation of California Labor Code § 1198.5
24 plaintiff is entitled to a $750.00 penalty as against defendant SIMS.

25   11.   If plaintiff had known that defendant SIMS was going to blackball plaintiff
26 or otherwise falsely accuse plaintiff of theft, fraud, or embezzlement, whether disclosed
27 by his personnel file or not, plaintiff would have delayed filing his complaints with the
28 DFEH, the EEOC, and the underlying lawsuit, and thereby increase his ability to obtain

1  new employment.

2  12.  On or about May 31, 2013, defendant SIMS, in order to harass, malign, and
3  retaliate against plaintiff for pursuing his rights against the defendants under the State and
4  Federal Age Discriminations statutes, and because plaintiff complained about workplace
5  and environmental hazards created by said defendant, as more fully alleged in the
6  underlying complaint, (1) did file and pursue a counterclaim against plaintiff that was
7  baseless, frivolous and completely without merit, (2) did let it be known to persons in the
8  metal recycling industry that plaintiff was being accused of theft, fraud and
9  embezzlement, and (3) plaintiff is informed and believes that from and after September,
10 2012, defendant SIMS did alter or otherwise misrepresent plaintiff's personnel file for the
11 purpose of supporting defendant's baseless counterclaim. Said defendant would not have
12 filed said counterclaim if plaintiff had not pursued his rights and filed an action for
13 discrimination.

14 13.  Defendant SIMS retaliated against plaintiff in order to punish him for
15 pursuing his rights, as alleged above, and to deter other employees from pursing their
16 civil rights against discrimination or otherwise complaining about work related or
17 environmental hazards created by defendant SIMS.

18 14.  In June, 2013, plaintiff did file with the California Department of Fair
19 Employment and Housing, and the EEOC, a claim for retaliation against defendant based
20 on said counterclaim, and requested and obtained a right to sue letter from each agency.

21 15.  As a proximate result of defendant's said conduct, plaintiff was prevented
22 from attending to his usual occupation from June, 2013 to the present, thereby suffering
23 lost wages and other employee benefits.  Plaintiff is informed and believes that he will
24 remain unemployed for some time in the future, and will suffer future lost wages and
25 other employee benefits.  The full amount of said lost wages and benefits is unknown to
26 plaintiff at this time, and plaintiff will amend this cross counterclaim to state such amount
27 when the same becomes known to him, or on proof thereof at the time of trial.

28 16.  As a further proximate result of the aforementioned acts of defendants, and

each of them, plaintiff suffered humiliation, mental anguish, and emotional distress and has been and will continue to be injured as follows: sleep disturbance, depression, loss of appetite, chronic feeling of anxiety, tension, and helplessness, all to plaintiff's damage in an amount as yet unknown. Plaintiff will amend this complaint to state such amount when the same becomes known to him, or on proof thereof at the time of trial.

17. As a further proximate result of the aforesaid acts of defendant, plaintiff has and will continue to incur attorneys fees and costs in defending defendant's counterclaim. The full amount of said attorneys fees and costs are unknown to plaintiff at this time, and plaintiff will amend this cross-counterclaim to state such amount when the same becomes known to him, or on proof thereof at the time of trial.

18. Pursuant to the Federal Age Discrimination in Employment Act, and 29 U.S.C.A. §§ 215 et seq., plaintiff is entitled as an additional remedy liquidated or double damages for the amounts set forth in Paragraphs 15. 16, 17, above.

19. In doing the acts herein alleged, said defendant acted intentionally with oppression, fraud and malice and plaintiff is entitled to punitive and exemplary damages in a sum commensurate with such conduct and defendants wealth, along with other legal standards used to award punitive or exemplary damages.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### {Indemnity}

20. Plaintiff hereby incorporates by reference Paragraphs 1 to 25, inclusive, as though the same were fully set forth herein.

21. Plaintiff, as a former employee of defendant SIMS, is being sued by counterclaim for performing acts within the course and scope of his employment with defendant SIMS. As such, plaintiff is entitled to be indemnified by defendant SIMS for all damages suffered by plaintiff, including attorneys fees and costs incurred in defending the counterclaim.

23. Plaintiff has demanded that defendant SIMS indemnify plaintiff for defending the counterclaim, but said defendant has, and we are informed and believe, will continue to refuse to provide such indemnity, or defense of the counterclaim.

29. Plaintiff therefore requests that he be awarded the full amount of all attorneys fees and costs in defending against said counterclaim. {Corp Code § 2802}

**WHEREFORE**, plaintiff prays judgment against defendant SIMS as follows:

1. For loss of past and future wages and employment benefits, according to proof, and for liquidated damages pursuant to 29 U.S.C.A. §§ 216 and 626.

2. For general damages and compensatory damages, including damages for emotional distress, according to proof, and for liquidated damages pursuant to 29 U.S.C.A.§ 216.

3. For interest on the above sums, according to proof;

4. For a Statutory Penalty, in the amount of $750.00, pursuant to California Labor Code § 1198.5(k)

5. For exemplary or punitive damages according to proof;

6. For reasonable attorney's fees and costs incurred in prosecuting this action, according to proof, and for liquidated damages pursuant to 29 U.S.C.A.§ 216.

7. For such other and further relief as to the court seems just and proper.

Dated: June 23, 2013

Law Offices of Patrick T. Galligan

By [signature]
Patrick T. Galligan
An Attorney for the Plaintiff Rex Warner

## PROOF OF SERVICE

The undersigned, declares that:

I am a resident of the State of California, am over the age of eighteen years and not a party to the within cause, and my business address is 555 Laurel Avenue, # 306, San Mateo, California.

On the date set forth below, I served the following documents: Plaintiff's Answer and Cross Counterclaim,

[x]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Mateo, California, and addressed as set forth below.

[x]  by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth below on this date before 5:00 p.m.

[ ]  by transmitting or causing to be transmitted in the ordinary course of business via facsimile the document(s) listed above to the facsimile number(s) set forth below on this date.

[ ]  by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

[ ]  by personally delivering the document(s) listed above to the person(s) at the addresses set forth below, by delivery to the person(s) listed or, if a business, to a person apparently in charge of the business located at the addresses set forth below.

Jackson Lewis LLP
Attn: Mark S. Askance, Esq.
50 California Street, 9th Floor
San Francisco, CA 94111-4615

Fax No. [If sent via Fax]: 415-394-9401

I am readily familiar with this office's practice of collection and processing correspondence for mailing. Under that practice, in the ordinary course of business, correspondence is deposited with the United States Postal Service the same day it is placed for collection.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 23, 2013, at San Mateo, California.

_Patrick T. Galligan_

Proof of Service