IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX WARNER, | No. C 13-02190 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| SIMS METAL MANAGEMENT LIMITED, AKA SIMS GROUP LIMITED, | |
| Defendant. | |

## INTRODUCTION

In this employment action, defendant moves to dismiss plaintiff's counterclaims in reply for retaliation and indemnification. For the reasons stated below, defendant's motion to dismiss is **GRANTED**.

## STATEMENT

Plaintiff Rex Warner commenced this action against defendant Sims Group Limited in the San Mateo County Superior Court, asserting that defendant wrongfully terminated plaintiff after he complained to his supervisors about allegedly unsafe and unhealthy working conditions. The termination also grounds claims for breach of contract, common counts, and retaliation. In addition, the complaint alleges discrimination on the basis of plaintiff's age and conversion of plaintiff's personal property for its own use (Compl. at 7 ¶¶ 7–14). Defendant removed here. Defendant then filed counterclaims in its amended answer for an accounting and conversion of

property allegedly owned by defendant and held by plaintiff and for fraudulent submissions of requests for reimbursements. Plaintiff replied with "cross-counterclaims" for retaliation and indemnification, saying that defendant employer's counterclaims were merely retaliation for the suit itself. Defendant now moves to dismiss plaintiff's cross-counterclaims for failure to state a claim. For the reasons stated below, defendant's motion to dismiss is **GRANTED**.

## ANALYSIS

To survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Dismissal under Rule 12(b)(6) may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 516 F.3d 759, 763 (9th Cir. 2008). While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**1. CROSS-COUNTERCLAIMS.**

Under Rule 7 of the Federal Rules of Civil Procedure, there is no such thing as a "cross-counterclaim," but our court of appeals has read into the rule and recognized "counterclaims in reply." *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1525 (9th Cir. 1985), *superseded on other grounds by* 28 U.S.C. 1961. Plaintiff's "cross-counterclaims" will be treated as such.

While this order is sympathetic to defendant's argument that allowing plaintiff to assert counterclaims in reply to defendant's counterclaims "leads the parties and this court down an endless hole of pleadings," the law in our circuit allows, even requires, a plaintiff to raise *compulsory* counterclaims in reply to a defendant's counterclaims under FRCP 13. *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013).

Under Rule 13(a), compulsory counterclaims are those that arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Courts in our circuit apply the logical relationship test for compulsory counterclaims. A logical relationship exists when a "counterclaim arises from the same aggregate set of operative facts as the initial

1  claim." *Mattel*, 705 F.3d at 1110.  Plaintiff's counterclaims in reply of retaliation and
2  indemnification, by their nature, arise from the same transaction as defendant's counterclaims
3  and are therefore compulsory counterclaims.  Plaintiff's retaliation claim argues that defendant
4  employer, by counterclaim, is retaliating yet further for plaintiff's initial complaint.  Plaintiff's
5  indemnification claim asserts that defendant employer must indemnify its employees, such as
6  plaintiff, for costs incurred during employment.  Defendant's counterclaims assert that plaintiff
7  is liable for fraud and conversion committed during employment.  Therefore, plaintiff's
8  counterclaims in reply are based on the same set of aggregate facts as defendant's
9  counterclaims.

### 2. RETALIATION.

It is unnecessary to reach the interesting question, as yet unaddressed by our court of appeals, whether an employer's compulsory counterclaims, even baseless ones, should be immunized from retaliation claims under the Age Discrimination in Employment Act. Plaintiff's counterclaim in reply fails for the simpler reason that it falls short of the pleading standard established by *Iqbal* and *Twombly*. "A pleading must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 663. Plaintiff's counterclaim in reply includes wholly conclusory statements, such as "[n]one of [defendant's] accusations have merit, none were ever brought to plaintiff's attention . . . and none formed the basis for plaintiff's discharge" (Dkt. No. 8 at 7). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (internal citations omitted). Plaintiff must explain the reason that defendant's counterclaims are baseless with specific factual allegations. Plaintiff also states in his counterclaims in reply that he inspected his personnel file, and that "[s]aid file did not disclose any wrongdoing committed by plaintiff as previously set forth (Dkt. No. 8 at 7)." This allegation is also too conclusory. Vague uses of weasel phrases such as "completely without merit" or "did not disclose any wrongdoing" will not defeat a motion to dismiss for failure to state a claim. On the other side of the equation, defendant's counterclaims specifically alleged that plaintiff:

> intentionally submitted . . . false expense reports . . . [such as submitting] duplicate receipts for the purchase of a single item within the same reporting period . . . duplicate receipts for the purchase of a single item in different expense reports . . . reimbursement requests for expenses Plaintiff knew to be a violation of company policy . . . [and] requests for items Plaintiff had previously returned and thus, did not incur an expense that needed to be reimbursed  (Dkt. No. 6 at 14).

Plaintiff's claims must be plead with at least the same level of specificity, but they have so far not been sufficiently pled.  Any amended counterclaim of retaliation must provide specific allegations as to whether plaintiff submitted duplicate receipts during any reporting period or if he submitted reimbursement requests that he knew to be a violation of company policy. Accordingly, defendant's motion to dismiss plaintiff's retaliation counterclaim is **GRANTED**.

   **3.   INDEMNIFICATION**.

Plaintiff's counterclaim in reply also states that defendant must indemnify his costs of defending against defendant's counterclaims under Section 2802 of the California Labor Code. An employee, however, cannot seek indemnification for the costs of defending himself against a lawsuit by his employer under Section 2802.  *Nicholas Laboratories, LLC v. Chen,* 199 Cal. App. 4th 1240, 1251 (2011).

Plaintiff's opposition to defendant's motion to dismiss does not contest the inadequacy of his indemnification claim under Section 2802.  Instead, plaintiff seeks to amend his pleading to assert a claim for indemnification under Section 317 of the California Corporate Code.  This order acknowledges defendant's objection that plaintiff is attempting to amend his indemnification pleading in violation of the Federal Rules of Civil Procedure.  Rule 15 states that if a responsive pleading has already been filed, the party seeking to amend "may amend its pleading only with the opposing party's written consent or the court's leave."  Neither applies here.

Regardless, plaintiff's claim for indemnification under Section 317 also fails.  Under California law, a person seeking indemnification under Section 317 must be brought "by reason of the fact that the person is or was an agent of the corporation."  *Plate v. Sun-Diamond Growers*, 225 Cal. App. 3d 1115, 1123 (1990) (internal citations omitted).  The conduct of the agent giving rise to the claim against him "must have been performed in connection with his

corporate functions and not with respect to purely personal matters . . . [as opposed to] the corporate good." *Ibid.* In the instant case, defendant alleges that plaintiff converted property and submitted fraudulent expense reimbursements, which are purely self-serving acts that do not further the corporate good. Thus, plaintiff cannot seek indemnification under either Section 2802 of the California Labor Code or Section 317 of the California Corporate Code as a matter of law and defendant's motion to dismiss plaintiff's counterclaim for indemnification is **GRANTED WITHOUT LEAVE TO AMEND**.

## CONCLUSION

For the reasons set above, defendant Sims Group Limited's motion to dismiss plaintiff's cross-counterclaims is **GRANTED**. Plaintiff may seek leave to amend the retaliation counterclaim in reply and will have until **SEPTEMBER 16, 2013**, to file a motion, noticed on the normal 35-day calendar, for leave to file an amended counterclaim. A proposed amended counterclaim must be appended to this motion. Plaintiff should plead his best case. The motion should clearly explain how the amended counterclaim cures the deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes. In the opposition, defendant may re-assert the interesting question of whether an employer's counterclaim can be subject to a retaliation counterclaim-in-reply under the Age Discrimination in Employment Act.

**IT IS SO ORDERED.**

Dated: September 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5