IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REX WARNER,

    Plaintiff,

v.

SIMS METAL MANAGEMENT LIMITED, a.k.a. SIMS GROUP LIMITED,

    Defendant.

No. C 13-02190 WHA

**ORDER RE MOTION FOR LEAVE TO AMEND**

## INTRODUCTION

In this employment action, plaintiff moves for leave to file an amended counterclaim in reply. To the extent stated below, plaintiff's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The background has been set forth in a prior order (Dkt. No. 26). In brief, plaintiff Rex Warner commenced this employment action against defendant Sims Group Limited in state court. Following removal, defendant filed counterclaims in its amended answer for an accounting and conversion of property allegedly owned by defendant and held by plaintiff and for fraudulent submissions of requests for reimbursements. In response, plaintiff filed counterclaims in reply for retaliation and indemnification. Following full briefing and a hearing, defendant's motion to dismiss was granted. Plaintiff now moves for leave to file amended counterclaims in reply of retaliation based on federal and state laws. Defendant opposes

plaintiff's motion, claiming that the proposed pleading fails to state a claim and is therefore futile. This order follows full briefing. To the extent stated below, plaintiff's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.

## ANALYSIS

### 1.  LEGAL STANDARD.

A proposed pleading is not futile if it alleges sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Johnson v. Riverside Healthcare Sys., LP,* 516 F.3d 759, 763 (9th Cir. 2008).

### 2.  RETALIATION UNDER FEDERAL LAW.

Plaintiff's proposed pleading does not clearly state which particular law it relies on to assert its retaliation counterclaims in reply. For example, the body of the proposed pleading states, "[s]aid retaliation violates both Federal Anti-retaliation laws relating to age discrimination, and the State of California law relating to age discrimination and whistle blowing activities" (Dkt. No. 28 ¶ 18). This order assumes that the federal law that plaintiff is claiming retaliation under is the Age Discrimination in Employment Act ("ADEA"), which allows parties to seek remedy under the Fair Labor Standards Act ("FLSA"), as claimed in his prayer for relief (*id.* at 8).

In its opposition, defendant argues that compulsory counterclaims cannot be retaliatory as a matter of law, or alternatively, defendant is entitled to First Amendment immunity (Dkt. No. 29 at 2–5). Each argument will be addressed in turn.

#### A.  Baseless Counterclaims as Retaliation.

Defendant argues in its opposition that compulsory counterclaims cannot be retaliatory as a matter of law because if a defendant fails to plead its compulsory counterclaims in an answer to a complaint, then they are "lost, and cannot be asserted in a second, separate action after conclusion of the first." *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995) (citations omitted). Moreover, defendant argues that asserting compulsory counterclaims cannot be retaliatory as a matter of law because by the time an employer files its counterclaim, worker

2

plaintiffs have already made their charges of discrimination, hired legal counsel, and initiated a lawsuit. *See Gross v. Akin Gump*, 599 F. Supp. 2d 23, 33 (D.D.C. 2009).

Here, the proposed pleading alleges that defendant has filed utterly baseless counterclaims. No federal court of appeals has yet answered the question of whether utterly baseless counterclaims can be retaliatory and district courts across the country are split.

Some district courts have refused to permit such counterclaims in reply for three principal reasons. *First*, FRCP 13(a) requires parties to plead compulsory counterclaims under pain of waiver. *See, e.g., Gross*, 599 F. Supp. at 34 (D.D.C. 2009); *Beltran v. Brentwood North Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 833–34 (N.D. Ill. 2006); *Earl v. Electro-Coatings of Iowa, Inc.*, No. C02-0042, 2002 U.S. Dist. LEXIS 20937, at *6–8 (N.D. Iowa Oct. 29, 2002). This concern, however, is largely irrelevant when it comes to utterly *baseless* counterclaims because such counterclaims are meritless and are surely intended only to intimidate and harass. *Second*, a counterclaim is unlikely to chill plaintiffs' exercise of their right to challenge discrimination under ADEA because plaintiffs have already made their public charges of discrimination and initiated a lawsuit against their employer. *See Equal Employment Opportunity Comm'n v. K&J Mgmt., Inc.*, No. 99-C-8116, 2000 U.S. Dist. LEXIS 8012, at *10 (N.D. Ill. June 8, 2000). Still, responding to an utterly baseless counterclaim is a burden imposed on the maintenance of the employee's lawsuit. Moreover, ex-employees *are* allowed to sue their former employers for retaliation *after* they have filed their claims of discrimination. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (holding that Title VII protects former employees from post-employment retaliation). *Third*, allowing plaintiff to file retaliation counterclaims in reply in response to defendant's counterclaims, even utterly baseless ones, will invite plaintiffs to depose defendant's counsel, seek production of documents related to the underlying action, and interfere with defendants' attorney–client relationship. This concern, however, can be mitigated if the retaliation counterclaims in reply are severed from the underlying action and counterclaim.

On the other hand, several district court decisions have held that plaintiffs may assert retaliation claims against baseless counterclaims. *See Flores v. Mamma Lombardis of Holbrook,*

3

*Inc.*, No. 12-3532, 2013 U.S. Dist. LEXIS 55968, at *11 (E.D.N.Y. 2013); *Ramos v. Hoyle*, No. 08-21809, 2009 U.S. Dist. LEXIS 61062, at *29 (S.D. Fla. July 16, 2009); *Torres v. Gristede's Operating Corp.*, 628 F. Supp.2d 447, 466–67 (S.D.N.Y. 2008); *Ergo v. International Merchant Services, Inc.*, 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007); *Gill v. Rinker Materials Corp.*, No. 02-CV-13, 2003 U.S. Dist. LEXIS 2986, at *12–13 (E.D. Tenn. Feb. 24, 2003); *Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1008–09 (S.D. Ohio 2002). These decisions cite the plain language of Title VII and the ADEA as well as argue that a counterclaim may "be used by an employer as a powerful instrument of coercion or retaliation" and may dissuade other employees from pursuing discrimination claims. *EEOC v. Outback Steakhouse, Inc.*, 75 F. Supp. 2d 756, 757–761 (N.D. Ohio 1999), quoting *Bill Johnson's Restaurants. v. National Labor Relations Bd.*, 461 U.S. 731, 740–41 (1983). In the instant case, plaintiff claims that he has needlessly incurred additional attorney's fees to defend against defendant's utterly baseless counterclaims and states that his reputation and character have suffered due to defendant's baseless counterclaim attacks.

After considering arguments on both sides of the issue, this order holds that utterly baseless counterclaims can qualify as retaliatory.

### B.    First Amendment Immunity.

Nonetheless, defendant also argues that it is entitled to *Noerr-Pennington* immunity (Opp. at 6–7). "The Noerr-Pennington doctrine ensures that those who petition the government for redress of grievances remain immune from liability for statutory violations, notwithstanding the fact that their activity might otherwise be proscribed by the statute involved." *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000). *Noerr-Pennington* protection applies to citizens' right to petition the courts under the First Amendment. *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56–57 (1993). Though *Noerr-Pennington* first arose in the antitrust context, it now applies to litigation in all contexts. *White*, 227 F.3d at 1231. "Under the Noerr-Pennington rule of statutory construction, [courts] must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the [First Amendment] unless the statute clearly provides otherwise." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 931 (9th Cir. 2006). A counterclaim is a petition. *Id.* at 933.

4

The *Noerr-Pennington* doctrine, however, provides an exception for sham lawsuits. *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 144 (1961). The Supreme Court has defined a "sham" as a petition that is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Ibid*.

Under the allegations in plaintiff's proposed pleading, defendant's counterclaims are utterly baseless and the pleading goes into considerable detail in explaining why. For example, it specifically alleges that defendant "was in fact paying off the credit card balances, not plaintiff" and that the fraud counterclaim is intended only to retaliate against plaintiff (Dkt. No. 28, Exh. 2 at 4–5). In addition to denying the factual allegations underpinning defendant's conversion counterclaim, the proposed pleading also affirmatively states that plaintiff "used his own tools and equipment [that were marked with his name] on behalf of [defendant] to accomplish tasks" and that defendant would even pay to repair or rent plaintiff's tools from him (*id.* at 5). When plaintiff was fired and escorted off the premises, defendant refused to return his tools and equipment back to him and stored them in four containers located on its premises (*ibid.*). Plaintiff cannot have wrongfully converted the tools and equipment at issue if they already legally belonged to him and defendant has actual possession of them. Under these set of facts, no reasonable litigant can realistically expect to win defendant's counterclaims.

Under the allegations in plaintiff's proposed pleadings, defendant filed objectively baseless counterclaims that lack a shred of substance and are intended to retaliate against plaintiff and deter others from filing age discrimination complaints (*id.* at 3–5). Therefore, defendant is not entitled to *Noerr-Pennington* immunity.

**3.    Retaliation Under State Law.**

Plaintiff's proposed pleading also purports to make a retaliation claim based on "the State of California law relating to age discrimination and whistle blowing activities" (*ibid.*). The pleading, however, does not provide the name of the statute and does not cite which California statute or section of a California statute it might be referencing. The pleading also does not cite any California state court decisions. The only California statute referenced in the entire

5

proposed pleading is Section 1198.5 of the California Labor Code, which plaintiff concedes in his reply to defendant's opposition does not actually apply to this action (Dkt. No. 31 at 2).

This order cannot evaluate whether plaintiff has sufficiently pled a state retaliation claim by *guessing* which state statute *might* ground plaintiff's claim, especially when plaintiff is not proceeding pro se, but rather is represented by counsel. Thus, plaintiff's state law retaliation claim is **DENIED**.

### 4. Section 1198.5 of the California Labor Code.

Plaintiff has already conceded in his reply to defendant's opposition that "defendant is correct" that Section 1198.5 does not apply to this action because it was enacted after the alleged misconduct occurred (*ibid.*). Thus, plaintiff's Section 1198.5 claim is **DENIED.**

### 5. Judicial Notice.

Good cause lacking, plaintiff's request for judicial notice of defendant's initial disclosures and the case management order for this action is **DENIED**. If plaintiff wishes to raise a discovery dispute, then he should follow the procedures laid out in the supplemental order to the order setting the initial case management conference.

## CONCLUSION

To the extent stated above, plaintiff's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's retaliation counterclaim in reply under federal law is the only amendment that will be allowed to stand. Plaintiff's motion for leave to file any other amendments is **DENIED**. No further attempts at pleading will be allowed. The October 23, 2013, motion hearing is hereby **VACATED**.

All proceedings on the merits of plaintiff's retaliation counterclaim in reply (but not defendant's counterclaims) are hereby severed from the underlying action and are stayed pending the disposition of the underlying action. To the extent that defendant wins its counterclaims, then plaintiff's retaliation counterclaim will be dismissed. On the other hand, if defendant's counterclaims are rejected in a material and substantive way, then it will be necessary to investigate plaintiff's retaliation counterclaim in a subsequent phase of this case. This phase possibly might include depositions and discovery from defense counsel.

6

1  Therefore to be clear, discovery will *not* go forward on plaintiff's retaliation
2 counterclaim in reply until after the underlying action and defendant's counterclaims have been
3 resolved. For now, plaintiff may not depose opposing counsel or demand documents that
4 defendant prepared in anticipation of litigation to prosecute its retaliation counterclaim without
5 further order.

**IT IS SO ORDERED.**

Dated: October 21, 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7